**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

<u>Southern</u>           District of   <u>Texas</u>
                                         (State)
Case number (*If known*): _____   Chapter   <u>11</u>

☐ Check if this is an
   amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/16

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | San Pedro Bay Pipeline Company |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** | N/A |
| | Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 77-0331234 |

4. **Debtor's address**

| Principal place of business | | | Mailing address, if different from principal place of business | | |
|---|---|---|---|---|---|
| 500 | Dallas Street | | | | |
| Number | Street | | Number | Street | |
| Suite 1600 | | | | | |
| | | | P.O. Box | | |
| Houston | Texas | 77002 | | | |
| City | State | ZIP Code | City | State | ZIP Code |
| | | | **Location of principal assets, if different from principal place of business** | | |
| Harris | | | | | |
| County | | | Number | Street | |
| | | | City | State | ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | www.memorialpp.com |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other.  Specify: _____ |

Debtor   **San Pedro Bay Pipeline Company**                                    Case number (if known) _____
         Name

---

**7.** **Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax- entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

    2111 – Oil and Gas Extraction

---

**8.** **Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply:*

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on  4/01/19 and every 3 years after that).
   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement  of operations, cash-flow statement, and federal income tax return or if all of these  documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
   ☒ A plan is being filed with this petition.
   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the  Securities and Exchange Commission according to § 13 or 15(d) of the Securities  Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing  for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule  12b-2.

☐ Chapter 12

---

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes   District _____   When _____   Case number _____
                                         MM/ DD/ YYYY

        District _____   When _____   Case number _____
                                         MM / DD/ YYYY

---

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes   Debtor   _See attached Schedule 1_   Relationship _____

        District _____   When _____
                                                       MM / DD/ YYYY

        Case number, if known _____

---

Debtor   **San Pedro Bay Pipeline Company**                                    Case number (if known) _____
        _____
        Name

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other  district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that app*ly.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number        Street

                          _____
                          City              State          ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency   _____
         Contact Name       _____
         Phone              _____

---

■   **Statistical and administrative information**

---

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

(on a consolidated basis)

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☒ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets**

(on a consolidated basis)

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

(on a consolidated basis)

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

Debtor   **San Pedro Bay Pipeline Company**

Name

Case number (if known)

---

| | **Request for Relief, Declaration, and Signatures** |

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

■ I have been authorized to file this petition on behalf of the debtor.

■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   January 16, 2017

MM / DD  / YYYY

✗   /s/ Robert L. Stillwell, Jr.                    Robert L. Stillwell, Jr.

Signature of authorized representative of debtor          Printed name

Chief Financial Officer

Title

---

**18. Signature of attorney**

✗   /s/ Alfredo R. Pérez                    Date   January 16, 2017

Signature  of attorney for  debtor                          MM / DD / YYYY

Alfredo R. Pérez

Printed Name

Weil, Gotshal & Manges LLP

Firm Name

700          Louisiana Street          Suite 1700

Number          Street

Houston                    TX          77002

City                    State          ZIP Code

(713) 546-5000                    alfredo.perez@weil.com

Contact phone                    Email address

15776275                    TX

Bar Number                    State

---

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas.  The Debtors have filed a motion requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

| Company |
|---|
| Memorial Production Finance Corporation |
| San Pedro Bay Pipeline Company |
| Rise Energy Beta, LLC |
| Rise Energy Minerals, LLC |
| Rise Energy Operating, LLC |
| Beta Operating Company, LLC |
| Columbus Energy, LLC |
| WHT Carthage LLC |
| WHT Energy Partners LLC |
| Memorial Energy Services LLC |
| Memorial Midstream LLC |
| Memorial Production Operating LLC |
| MEMP Services LLC |
| Memorial Production Partners GP LLC |
| Memorial Production Partners LP |

**RESOLUTIONS**
**OF**
**THE BOARD OF DIRECTORS**
**OF**
**MEMORIAL PRODUCTION PARTNERS GP LLC**
**IN ITS CAPACITY AS GENERAL PARTNER**
**OF**
**MEMORIAL PRODUCTION PARTNERS LP**
**AND ON ITS OWN BEHALF**

Effective as of this 16th day of January, 2017, pursuant to a special meeting on the same date, the members constituting at least a majority of the votes of a quorum of the board of directors (the "Board") of Memorial Production Partners GP LLC (the "General Partner"), a Delaware limited liability company, in its capacity as general partner of Memorial Production Partners LP, a Delaware limited partnership (the "Partnership") and on its own behalf, upon a motion duly made and seconded and acting pursuant to the General Partner's organizational documents, took the following actions and adopted the following resolutions:

**WHEREAS**, the Board is contemplating, after consultation with the management and the legal and financial advisors of the Partnership regarding the liabilities and liquidity of the Partnership and the General Partner, the strategic alternatives available to it, the impact of the foregoing on the Partnership and the General Partner's respective businesses, and the proposed deleveraging transaction, authorizing the Partnership and the General Partner to file a petition seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Chapter 11 Case"), in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court");

**WHEREAS**, the Board has had the opportunity to consult with the management and the legal and financial advisors of the Partnership to fully consider the proposed deleveraging transaction for the Partnership and the General Partner; and

**WHEREAS**, the Board desires to approve the following resolutions.

**I.    Commencement of Chapter 11 Case**

**NOW, THEREFORE, BE IT RESOLVED**, that each of the Chief Executive Officer, Chief Financial Officer, or any other officer of the General Partner (each, an "Authorized Officer") in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to execute and file in the name and on behalf of the General Partner, in its capacity as general partner of the Partnership and on its own behalf, all petitions, schedules, motions, lists, applications, pleadings, notices, certifications and other papers in the Bankruptcy Court, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, restructuring advisors, financial advisors, investment bankers and other professionals, and to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with the Chapter 11 Case, including, without limitation, negotiating, executing, delivering and performing any and all documents, agreements, certificates and/or instruments in connection with the transactions and professional

retentions set forth in this resolution, with a view to the successful prosecution of the Chapter 11 Case;

## II.    Retention of Advisors

**FURTHER RESOLVED**, that the firm of Perella Weinberg Partners LP, located at 767 Fifth Avenue, New York, NY 10153, is hereby retained as financial advisor for the Partnership in the Chapter 11 Case, subject to Bankruptcy Court approval;

**FURTHER RESOLVED**, that the firm of AlixPartners, LLP, located at 909 Third Avenue, New York, NY 10022, is hereby retained as restructuring advisor for the Partnership in the Chapter 11 Case, subject to Bankruptcy Court approval;

**FURTHER RESOLVED**, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, NY 10153, is hereby retained as counsel to the Partnership in the Chapter 11 Case, subject to Bankruptcy Court approval;

**FURTHER RESOLVED**, that the firm of Rust Consulting/Omni Bankruptcy, located at 1120 Avenue of the Americas, 4th Floor, New York NY 10036, is hereby retained as claims, noticing and solicitation agent for the Partnership in the Chapter 11 Case, subject to Bankruptcy Court approval;

## III.    General Authorization and Ratification of Past Actions

**FURTHER RESOLVED**, that any Authorized Officer is authorized, in the name and on behalf of the General Partner, in its capacity as general partner of the Partnership and on its own behalf, to cause the Partnership and the General Partner to do and perform, or cause to be done and performed, any and all such acts, deeds and things, to make, execute and deliver, or cause to be made, executed and delivered, any and all documents and to take any and all actions as may be necessary or in their opinion desirable to implement or carry into effect the intent and purpose of (a) the foregoing resolutions, or (b) any other action on behalf of the Partnership and the General Partner in furtherance of, or related to, the obligations listed herein, including, without limitation, executing and delivering, and causing the performance by the Partnership and the General Partner of their respective obligations under, any agreement or document referred to herein; and the execution by any such Authorized Officer of any such document or the taking of any such other action by or at the direction of any such Authorized Officer shall conclusively establish and evidence (i) their making any determination required by the foregoing resolutions as to the necessity or advisability of any particular agreement or action and (ii) their authority therefor; and

**FURTHER RESOLVED**, that any and all actions taken by any Authorized Officer or the directors of the General Partner in the name and on behalf of the General Partner, in its capacity as general partner of the Partnership and on its own behalf, prior to the date of these resolutions that would have been authorized by these resolutions but for the fact that such actions were taken prior to the date of these resolutions be, and hereby are, authorized, ratified, confirmed, adopted and approved in all respects as the acts and deeds of the Partnership or the General Partner, as applicable.

2

**UNANIMOUS WRITTEN CONSENT
OF EACH OF
THE BOARDS OF DIRECTORS OF**

**Memorial Production Finance Corporation
and
San Pedro Bay Pipeline Company,**

**and**

**THE SOLE MEMBER
OF EACH OF**

**Memorial Production Operating LLC,
MEMP Services LLC,
Columbus Energy, LLC,
WHT Energy Partners LLC,
Memorial Midstream LLC,
Memorial Energy Services LLC,
Beta Operating Company, LLC,
Rise Energy Operating, LLC,
WHT Carthage LLC,
Rise Energy Beta, LLC
and
Rise Energy Minerals, LLC**

**January 16, 2017**

The undersigned, together being (i) the directors of the Boards of Directors (each a "Board" and collectively, the "Boards") of each of Memorial Production Finance Corporation and San Pedro Bay Pipeline Company (each a "Corporation" and collectively, the "Corporations"); and (ii) the sole member (each a "Sole Member" and collectively, the "Sole Members," and together with the Boards, each a "Governing Body" and collectively, the "Governing Bodies") of Memorial Production Operating LLC, MEMP Services LLC, Columbus Energy, LLC, WHT Energy Partners LLC, Memorial Midstream LLC, Memorial Energy Services LLC, Beta Operating Company, LLC, Rise Energy Operating, LLC, WHT Carthage LLC, Rise Energy Beta, LLC, Rise Energy Minerals, LLC (each of the foregoing limited liability companies in clause (ii) a "Limited Liability Company," and such Limited Liability Companies together with the Corporations, each a "Company" and collectively, the "Companies"), pursuant to the laws of each such Company's respective jurisdiction of formation or organization and consistent with the provisions of each such Company's respective governing organizational documents (in each case, as amended to date), do hereby consent to the adoption of the resolutions set forth on Exhibit A and to the taking of the actions contemplated thereby.

This Unanimous Written Consent may be executed in multiple counterparts, which taken together, shall represent one and the same instrument and action of the Governing Body of each Company.

(*Signature Pages Follow*)

WEIL:\95989020\2\62739.0003

IN WITNESS WHEREOF, the undersigned have duly executed this Unanimous Written Consent, effective on and as of the date first above written, in the capacities indicated below.

In his capacity as director of:
MEMORIAL PRODUCTION FINANCE CORPORATION
SAN PEDRO BAY PIPELINE COMPANY


/s/ William J. Scarff
William J. Scarff

In his capacity as director of:
MEMORIAL PRODUCTION FINANCE CORPORATION


/s/ Robert J. Stillwell, Jr.
Robert J. Stillwell, Jr.

In his capacity as director of:
MEMORIAL PRODUCTION FINANCE CORPORATION


/s/ Matthew Hoss
Matthew Hoss

In his capacity as director of:
SAN PEDRO BAY PIPELINE COMPANY


/s/ Christopher S. Cooper
Christopher S. Cooper

Memorial Production Partners LP, in its capacity as Sole Member of:
MEMORIAL PRODUCTION OPERATING LLC,
MEMP SERVICES LLC


/s/ Jason M. Childress
By: Memorial Production Partners LP LLC, its general partner
By: Jason M. Childress
Title: Vice President

---

Memorial Production Operating LLC, in its capacity as Sole Member of:
COLUMBUS ENERGY, LLC,
WHT ENERGY PARTNERS LLC,
MEMORIAL MIDSTREAM LLC,
MEMORIAL ENERGY SERVICES LLC,
BETA OPERATING COMPANY, LLC,
RISE ENERGY OPERATING, LLC


/s/ Jason M. Childress
By: Memorial Production Partners LP, its sole member
By: Memorial Production Partners LP LLC, its general partner
By: Jason M. Childress
Title: Vice President

---

WHT Energy Partners LLC, in its capacity as Sole Member of:
WHT CARTHAGE LLC


/s/ Jason M. Childress
By: Memorial Production Operating LLC, its sole member
By: Memorial Production Partners LP, its sole member
By: Memorial Production Partners LP LLC, its general partner
By: Jason M. Childress
Title: Vice President

Rise Energy Operating LLC, in its capacity as Sole Member of:
RISE ENERGY BETA, LLC,
RISE ENERGY MINERALS, LLC

/s/ Jason M. Childress
By: Memorial Production Operating LLC, its sole member
By: Memorial Production Partners LP, its sole member
By: Memorial Production Partners LP LLC, its general partner
By: Jason M. Childress
Title: Vice President

## Exhibit A

**WHEREAS**, each Company is a direct or indirect wholly-owned subsidiary of Memorial Production Partners LP, a Delaware limited partnership (the "Partnership").

**WHEREAS**, the Board or Sole Member of each Company, as applicable, has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of each Company regarding the liabilities and liquidity of each Company, the strategic alternatives available to it and the impact of the foregoing on each Company's businesses;

**WHEREAS**, the Board or Sole Member of each Company, as applicable, has had the opportunity to consult with the management and the legal and financial advisors of the Partnership regarding the liabilities and liquidity of the Partnership, the strategic alternatives available to it, the impact of the foregoing on the Partnership's business, and the proposed deleveraging transaction, authorizing the Partnership to file a petition seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Chapter 11 Case"), in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"); and

**WHEREAS**, the sole director, Manager or Member of each Company, as applicable, desires to approve the following resolutions.

### I.    Commencement of Chapter 11 Case

**NOW, THEREFORE, BE IT RESOLVED**, that any officer of each Company, including, without limitation, the Chief Financial Officer (each, an "Authorized Officer") in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to execute and file in the name and on behalf of each Company all petitions, schedules, motions, lists, applications, pleadings, notices, certifications and other papers in the Bankruptcy Court, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, restructuring advisors, financial advisors, investment bankers and other professionals, and to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with the Chapter 11 Case, including, without limitation, negotiating, executing, delivering and performing any and all documents, agreements, certificates and/or instruments in connection with the transactions and professional retentions set forth in this resolution, with a view to the successful prosecution of the Chapter 11 Case;

### II.    General Authorization and Ratification of Past Actions

**FURTHER RESOLVED**, that any Authorized Officer is authorized, in the name and on behalf of each Company, to cause each Company to do and perform, or cause to be done and performed, any and all such acts, deeds and things, to make, execute and deliver, or cause to be made, executed and delivered, any and all documents and to take any and all actions as may be necessary or in their opinion desirable to implement or carry into effect the intent and purpose of (a) the foregoing resolutions, or (b) any other action on behalf of each Company in furtherance of, or related to, the obligations listed herein, including, without limitation, executing and delivering, and causing the performance by each Company of their

respective obligations under, any agreement or document referred to herein; and the execution by any such Authorized Officer of any such document or the taking of any such other action by or at the direction of any such Authorized Officer shall conclusively establish and evidence (i) their making any determination required by the foregoing resolutions as to the necessity or advisability of any particular agreement or action and (ii) their authority therefor; and

        **FURTHER RESOLVED**, that any and all actions taken by any Authorized Officer or the directors of each Company in the name and on behalf of each Company prior to the date of these resolutions that would have been authorized by these resolutions but for the fact that such actions were taken prior to the date of these resolutions be, and hereby are, authorized, ratified, confirmed, adopted and approved in all respects as the acts and deeds of each Company, as applicable.

**Fill in this information to identify the case:**

Debtor name: San Pedro Bay Pipeline Company

United States Bankruptcy Court for the: Southern District of Texas
(State)

Case number (*If known*): _____

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | WILMINGTON TRUST NA 15950 N DALLAS PKWY, SUITE 550 DALLAS, TX 75248 | Attn: STEVE CIMALORE Phone: 302-636-6058 Email: Scimalore@wilmingtontrust.com Attn: STACEY WOODALL Phone: 972-383-3151 Email: swoodall@wilmingtontrust.com | MEMP Notes | | $0 | $0 | $681,635,975 |
| 2 | WILMINGTON TRUST NA 15950 N DALLAS PKWY STE. 550 DALLAS, TX 75248 | Attn: STEVE CIMALORE Phone: 302-636-6058 Email: Scimalore@wilmingtontrust.com Attn: STACEY WOODALL Phone: 972-383-3151 Email: swoodall@wilmingtontrust.com | MEMP Notes | | $0 | $0 | $479,616,241 |
| 3 | PANOLA COUNTY TAC 110 S. SYCAMORE, ROOM 211 Carthage, TX 75633 | Attn: DEBBIE CRAWFORD Phone: (903) 693-0340 Email: debbie.crawford@co.panola.tx.us | Trade Payable | | $0 | $0 | $577,746 |
| 4 | HOERBIGER SERVICE INC. 1224 PAYSPHERE CIRCLE CHICAGO, IL 60674 | Attn: MICHELLE QUILLIVAN Phone: (307)-265-3244 Email: michelle.quillivan@hoerbiger.com Attn: KIMBERLY SINKO Phone: (307)-265-3244 Email: kimberly.sinko@hoerbiger.com | Trade Payable | | $0 | $0 | $506,951 |
| 5 | MURPHY EXPLORATION & PRODUCTION COMPANY 47-0910029 TREASURY DEPARTMENT P O BOX 7000 EL DORADO, AR 71731-7000 | Attn: JULIANA LONG Phone: (281) 675-0315 Email: JULIANA_LONG@MURPHYOILCORP.COM | Trade Payable | | $0 | $0 | $500,941 |
| 6 | ALIGN JOAQUIN GATHERING LLC 2200 ROSS AVE STE 4600E DALLAS, TX 75201 | Attn: Phone: 214-238-5835 Email: JAKE@ALIGNMIDSTREAM.COM | Trade Payable | | $0 | $0 | $365,820 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7   ADVISIAN INC. P.O. BOX 462 LEOMINSTER, MA 01453 | Attn: SHARON QUINN Phone:(978)-798-1606 Email: SHARON.I.QUINN@ADVISIAN.COM | Trade Payable | | $0 | $0 | $276,832 |
| 8   POLK COUNTY ASSESSOR COLLECTOR 416 N WASHINGTON LIVINGSTON, TX 77351-2899 | Attn: Leslie Jones Burks Phone: 936-327-6801 Email: lesliejonesburks@hotmail.com | Trade Payable | | $0 | $0 | $252,078 |
| 9   JW POWER COMPANY PO BOX 205856 DALLAS, TX 75320-5856 | Attn: C. Michele Phone: 972-233-8191 Email: CMICHELE@JWENERGY.COM | Trade Payable | | $0 | $0 | $225,383 |
| 10   FUGRO PELAGOS INC. PO BOX 301374 DALLAS, TX 75303-1374 | Attn: CINDY PRATT Phone: 805-289-3807 Email: CPRATT@FUGRO.COM | Trade Payable | | $0 | $0 | $222,165 |
| 11   KEY ENERGY SERVICES INC. P O BOX 4649 HOUSTON, TX 77210-4649 | Attn: ANA HIGDON Phone:(713)-651-4407 Email: AHIGDON@KEYENERGY.COM | Trade Payable | | $0 | $0 | $177,734 |
| 12   IRWIN INDUSTRIES INC. PO BOX 973269 DALLAS, TX 75397-3269 | Attn: Phone: 310-233-3009 Email: | Trade Payable | | $0 | $0 | $171,139 |
| 13   WESTERN WIRELINE INC PO BOX 760 VENTURA, CA 93002 | Attn: Phone: 805-804-3783 Email: | Trade Payable | | $0 | $0 | $162,045 |
| 14   CLARIANT CORPORATION LOCKBOX #2203 C/O CITIBANK LOCKBOX OPERS 8430 W BRYN MAWR AVE. 3rd Floor CHICAGO, IL. 60631 | Attn: Phone: 877-546-2885 Phone: 704-331-7000 Email: | Trade Payable | | $0 | $0 | $159,171 |
| 15   TOTAL WESTERN INC. 8049 SOMERSET BLVD PARAMOUNT, CA 90723 | Attn: CHRIS PAUL Phone: 562-220-1450 Email: CHRIS.PAULY@TWIMAIL.COM | Trade Payable | | $0 | $0 | $157,771 |
| 16   AXIP ENERGY SERVICES LP PO BOX 732170 DALLAS, TX 75373-2170 | Attn: Phone: 832-294-6575 Email: AXIPACCOUNTSRECEIVABLE@ AXIP.COM | Trade Payable | | $0 | $0 | $156,239 |
| 17   ARCHROCK PARTNERS LP PO BOX 201160 DALLAS, TX 75320-1160 | Attn: MARIA CAMACHO Phone:(281)-836-7098 Email: MARIA.CAMACHO@EXTERRAN.COM | Trade Payable | | $0 | $0 | $144,441 |
| 18   BRAND SCAFFOLD SERVICES INC. P.O. BOX 91473 CHICAGO, IL. 60693 | Attn: DANIEL DELACRUZ Phone: 562-529-7777 Email: DANIEL.DELACRUZ@BEIS.COM | Trade Payable | | $0 | $0 | $134,995 |
| 19   CORE LABORATORIES LP PO BOX 841787 DALLAS, TX 75284-1787 | Attn: JODI BAILEY PROTECHNICS DIVISION Phone: (713) 328-2353 Email: JODI.BAILEY@CORELAB.COM | Trade Payable | | $0 | $0 | $134,930 |
| 20   SDS PETROLEUM CONSULTANTS PO BOX 456 TROUP, TX 75789-0456 | Attn: KARLA WILSON Phone: 903-747-3837 Email: KWILSON@SDSPETROLEUM CONSULTANTS.COM | Trade Payable | | $0 | $0 | $126,854 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|
| | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21   XTO ENERGY INC<br>PO BOX 730587<br>DALLAS, TX<br>75373-0587 | Attn: Richard Nacewski<br>Phone: 817-885-6808<br>Email:<br>RICHARD_NACEWSKI@XTOENERGY.COM<br>XTO-ACCTOBO-MANUAL-JIB-SM@XTOENERGY.COM<br>CHRISTINE_BRAWNER@XTOENERGY.COM | Trade Payable | | $0 | $0 | $102,448 |
| 22   HALLIBURTON ENERGY SERVICES INC.<br>3000 North Sam Houston Parkway East<br>Houston, TX<br>77032 | Attn: DAVID HUYNH<br>Phone: 281.575.3638<br>Email:<br>david.huynh@halliburton.com | Trade Payable | | $0 | $0 | $96,629 |
| 23   MARKWEST ENERGY OPERATING CO LLC<br>P O BOX 974108<br>DALLAS, TX<br>75397-4108 | Attn: D. Malberg<br>Phone: 303-531-9482<br>Email:<br>DMALMBERG@MARKWEST.COM | Trade Payable | | $0 | $0 | $93,859 |
| 24   BAKER HUGHES<br>PO BOX 301057<br>DALLAS, TX<br>75303-1057 | Attn: Margaret Mayfield<br>Phone: 903-595-2587<br>Email: MARGARET.MAYFIELD@BAKERHUGHES.COM | Trade Payable | | $0 | $0 | $92,705 |
| 25   PIPING SPECIALTIES CO INC<br>PO BOX 909<br>GREEN RIVER, WY<br>82935 | Attn: C. Erickson<br>Phone: 307-875-9868<br>Email:<br>CERICKSON@PSAWYOMING.COM | Trade Payable | | $0 | $0 | $90,403 |
| 26   PARK ENERGY SERVICES<br>PO BOX 95318<br>GRAPEVINE, TX<br>76099-9731 | Attn:<br>Phone: 405-543-9525<br>Email:<br>AR@PARKENERGYSERVICES.COM | Trade Payable | | $0 | $0 | $85,763 |
| 27   JIM HOGG COUNTY ISD<br>PO BOX 88<br>HEBBRONVILLE, TX<br>78361 | Attn: Norma Lisa S. Hinojosa<br>Phone: 361-527-3237<br>Phone: 361-527-5847<br>Email: jhctac@hotmail.com | Trade Payable | | $0 | $0 | $84,853 |
| 28   XPRESS OILFIELD SERVICES LP<br>PO BOX 5040<br>LONGVIEW, TX<br>75608 | Attn:<br>Phone: 903-452-3598<br>Email: XOSLP@HOTMAIL.COM | Trade Payable | | $0 | $0 | $80,966 |
| 29   TIGER CASED HOLE SERVICES INC<br>PO BOX 733368<br>DALLAS, TX<br>75373-3368 | Attn: Deen Hassouneh<br>Phone: 713-325-6086<br>Email:<br>DEENA.HASSOUNEH@CJES.COM | Trade Payable | | $0 | $0 | $73,774 |
| 30   COASTAL CHEMICAL CO LLC<br>DEPT 2214 PO BOX 122214<br>DALLAS, TX<br>75312-2214 | Attn:<br>Phone: 337-893-3862<br>Email: | Trade Payable | | $0 | $0 | $71,462 |

**Fill in this information to identify the case:**

Debtor name: <u>San Pedro Bay Pipeline Company</u>

United States Bankruptcy Court  for the: <u>Southern</u>  District of <u>Texas</u>
(State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐   *Schedule H: Codebtors* (Official Form 206H)

☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   *Amended Schedule* ____

☑   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐   *Other document that requires a declaration* _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  <u>January 16, 2017</u>           ✗   <u>/s/ Robert L. Stillwell, Jr.</u>
      MM / DD / YYYY                                    Signature of individual signing on behalf of debtor

                                                        <u>Robert L. Stillwell, Jr.</u>
                                                        Printed name

                                                        <u>Chief Financial Officer</u>
                                                        Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **MEMORIAL PRODUCTION** | § | **Case No. 17-_____ (___)** |
| **PARTNERS LP,** *et al.*, | § | |
| | § | **(Joint Administration Requested)** |
| Debtors.[1] | § | |
| | § | |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT PURSUANT
TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1**

Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1, attached hereto as **Exhibit A** is an organizational chart reflecting all of the ownership interests in Memorial Production Partners LP ("**MEMP**") and its affiliated debtors (the "**Affiliated Debtors**"), as proposed debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**").   MEMP, on behalf of itself and the Affiliated Debtors, respectfully represents as follows:

- Each Debtor listed in **Exhibit A** is 100% owned by its direct parent unless otherwise noted.

- MEMP is the ultimate parent company of each of the Affiliated Debtors, and directly or indirectly owns a 100% equity interest in each of the Affiliated Debtors.

- MEMP's equity securities are publicly held.  As of September 30, 2016, no entity directly or indirectly owned 10% or more of the issued and outstanding common unit of MEMP.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Memorial Production Partners LP (6667); Memorial Production Partners GP LLC; MEMP Services LLC (1887); Memorial Production Operating LLC; Memorial Production Finance Corporation (3356); WHT Energy Partners LLC; WHT Carthage LLC; Memorial Midstream LLC; Beta Operating Company, LLC; Columbus Energy, LLC; Rise Energy Operating, LLC; Rise Energy Minerals, LLC; Rise Energy Beta, LLC; San Pedro Bay Pipeline Company (1234); and Memorial Energy Services LLC.  The Debtors' mailing address is 500 Dallas Street, Suite 1600, Houston, Texas 77002.

## Exhibit A

**Organizational Chart**





Memorial
Production Partners

**Fill in this information to identify the case:**

Debtor name: <u>San Pedro Bay Pipeline Company</u>

United States Bankruptcy Court  for the: <u>Southern</u>  District of <u>Texas</u>
                                                                            (State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐  *Schedule H: Codebtors* (Official Form 206H)

☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐  *Amended Schedule* _____

☐  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑  *Other document that requires a declaration*   <u>Corporate Ownership Statement</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>January 16, 2017</u>        **X** <u>/s/ Robert L. Stillwell, Jr.</u>
                    MM / DD / YYYY                  Signature of individual signing on behalf of debtor

                                                              <u>Robert L. Stillwell, Jr.</u>
                                                              Printed name

                                                              <u>Chief Financial Officer</u>
                                                              Position or relationship to debtor

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | **Chapter 11** |
| | § | |
| **SAN PEDRO BAY** | § | **Case No. 17-_____ (\_\_\_)** |
| **PIPELINE COMPANY,** *et al.*, | § | |
| | § | **(Joint Administration Requested)** |
| Debtor. | § | |
| | § | |

## <u>LIST OF EQUITY HOLDERS</u>

Pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure, the following identifies all holders having a direct or indirect ownership interest, of the above-captioned debtor in possession (the "**Debtor**").

| Name and Last Known Address or Place of Business of Holder | Number of Securities/Kind of Interest |
|---|---|
| Memorial Production Partners LP<br>500 Dallas Street, Suite 1600<br>Houston, TX 77002 | 100% |

**Fill in this information to identify the case:**

Debtor name: <u>San Pedro Bay Pipeline Company</u>

United States Bankruptcy Court  for the: <u>Southern</u>  District of <u>Texas</u>
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ *Amended Schedule* _____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑ *Other document that requires a declaration*  <u>List of Equity Holders</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>January 16, 2017</u>
MM / DD / YYYY

X   <u>/s/ Robert L. Stillwell, Jr.</u>
Signature of individual signing on behalf of debtor

<u>Robert L. Stillwell, Jr.</u>
Printed name

<u>Chief Financial Officer</u>
Position or relationship to debtor